LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>REAL PROPERTY LOCATED AT 57<br>NELSIER PLACE, OROVILLE,<br>CALIFORNIA, BUTTE COUNTY,<br>APN: 078-040-036, (FORMERLY<br>APN: 036-291-079) INCLUDING<br>ALL APPURTENANCES AND<br>IMPROVEMENTS THERETO,<br><br>        Defendant. | 2:08-cv-02309 LKK/GGH<br><br>JOINT STATUS REPORT AND STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER THEREON<br><br><br><br><br><br><br>DATE: January 20, 2009<br>TIME: 10:00 a.m.<br>COURTROOM: #4/Chambers |

    Plaintiff United States of America, claimant Jess R. Brasier, and claimants Albert and Georgene Brookman, submit the following Status Report pursuant to the Court's September 30, 2008, order.

    (a)  **Parties**:  The plaintiff is the United States of

//
//

1

America.  Claimant Jess R. Brasier alleges he is the owner of the defendant property.[1]  Claimants Albert and Georgene Brookman are the beneficiaries of a promissory note secured by a deed of trust recorded against the defendant property.

(b) **Summary of Facts and Legal Theories**:

The United States alleges this property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7) because it was used to facilitate a felony violation of 21 U.S.C. § 841.  Specifically, on September 16, 2008, agents with the Drug Enforcement Administration and deputies from the Butte County Sheriff's Department executed a federal search warrant at the defendant property.  During the search officers found evidence of an active indoor marijuana growing operation with approximately 150 plants under cultivation in a barn, and another 80 plants under cultivation in a greenhouse.  Claimant Brasier denies the allegations.  The Brookmans allege they had no knowledge that marijuana was being grown on the property.

(c) **Service of Process**:

Everyone known to have an interest in the defendant property has been served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication,

---

[1] At this point in the litigation plaintiff is not prepared to concede that the person who filed the claim is in fact the owner.  Plaintiff has been advised that Jess V. Brasier, who is a defendant in U.S. v. Jess V. Brasier, et al., 2:08-cr-0453 LKK, also uses "R." as a middle initial on occasion.  A Choice Point report obtained by DEA shows that "Jess V. Brasier" and "Jess R. Brasier" use the same Social Security number.  To complicate the matter further, Jess Brasier has a son, also named Jess.  Without conducting discovery, plaintiff does not know if the person who filed the claim is the father/defendant, or the son.

2

Lis Pendens, and Court Notices.  Claimant Brasier filed a claim to the property and an answer to the complaint on December 16, 2008.  The Brookmans (lienholders) filed a Claim to the property and an answer to the complaint on October 30, 2008.

On October 17, 2008, the U.S. Marshal posted the Notice of Complaint and the Complaint on the real property.

Accordingly, service is complete.

In addition, notice of the forfeiture was posted on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on November 19, 2008, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A Declaration of Publication was filed on December 31, 2008.

(d) **Possible Joinder of Additional Parties**:

None contemplated.

(e) **Any Expected or Desired Amendment of Pleadings**:

None.

(f) **Jurisdiction and Venue**:

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345, 1355.  Venue is proper in this district pursuant to 28 U.S.C. § 1395(b) because the real property that is subject to forfeiture is located in this district.

(g) **Anticipated Motions with Suggested Law and Motion Dates**:

The parties request that this case not be scheduled at this time because they are requesting a stay of further proceedings for six months as explained in the following paragraph.

(h) **Anticipated Discovery And The Scheduling Thereof**:

1 | Pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) the parties
2 | suggest that a stay of further proceedings in this case is
3 | necessary.  The United States contends that the defendant real
4 | property was used to facilitate a violation of federal drug laws
5 | (cultivation of marijuana) and is therefore forfeitable to the
6 | United States.  The United States intends to depose claimant Jess
7 | R. Brasier about the claim he filed in this case and the facts
8 | surrounding the cultivation of marijuana plants on this property.
9 | If claimant Jess R. Brasier is not the same person as defendant
10 | Jess V. Brasier, plaintiff will also need to depose defendant
11 | Jess V. Brasier.  If discovery proceeds, claimant and/or
12 | defendant Jess V. Brasier would be placed in the difficult
13 | position of either invoking their Fifth Amendment rights against
14 | self-incrimination and losing the ability to protect their
15 | claimed interest in the defendant property, or waiving their
16 | Fifth Amendment rights and submitting to depositions and
17 | potentially incriminating themselves in the pending criminal
18 | matter.  If claimant invokes his Fifth Amendment rights, the
19 | United States will be deprived of the ability to explore the
20 | factual basis for the claims they filed in this action and any
21 | defense raised in the Answer.
22 | In addition, all claimants intend to depose law enforcement
23 | officers who were involved in the investigation that led to the
24 | search at the defendant property.  Allowing depositions of these
25 | officers would adversely affect the ability of the United States
26 | to conduct its related criminal investigation.
27 | Accordingly, the parties contend that proceeding with this
28 | action at this time has potential adverse affects on the

4

investigation and possible prosecution of the related-criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed for a period of six months.  At that time the parties will advise the Court whether a further stay is necessary.

(i) **Further Proceedings, Suggested Case Schedule**:

The parties request that the case not be scheduled at this time.

(j) **Special Proceedings**:

None.

(k) **Demand For Jury Trial**:

No claimant made a timely demand for a jury trial.

(l) **Estimate of Trial Time**:

No more than 4 court days.

(m) **Modification of Standard Pretrial Procedures**:

None.

(n) **Related Matters**:

The following cases are related:

1. United States v. Real Property Located at 22 Nelsier Place, Oroville, CA, 2:08-cv-02326 LKK-EFB.

2. United States v. Jess Vernon Brasier and Dean Teskey, 2:08-cr-0453 LKK.

A Notice of Related Cases was filed on October 28, 2008, and all cases are assigned to this Court.

(o) **Settlement Judge**:

The government requests that another judge be assigned as

5

the settlement judge.

    (p) **Use of the Voluntary Dispute Resolution Program**:

The parties do not believe VDRP is appropriate in this case.

    (q) **Other matters**:

Counsel for the government has been advised that claimant Jess R. Brasier has stopped making payments on the promissory note. Under these circumstances, the United States intends to seek a stipulation from all parties permitting the interlocutory sale of the property. It is not the parties' intention that a stay would prevent the parties jointly or the United States separately from seeking an order permitting an interlocutory sale. Upon the sale of the property the net proceeds will be substituted as the res in this action. If the United States determines that the Brookmans are innocent owners within the meaning of 18 U.S.C. § 983(d), their claim would be paid out of escrow. If the United States determines that the Brookmans are not innocent owners, those funds would also be substituted as the res in this action. Their entitlement to the funds would thereafter be determined by at trial.

DATED: January 6, 2009    LAWRENCE G. BROWN
                                 Acting United States Attorney

                               By: /s/ Kristin S. Door
                                  KRISTIN S. DOOR
                                 Assistant U.S. Attorney

DATED: January 6, 2009    /s/ John H. Feiner
                                 JOHN H. FEINER
                                 Attorney for claimant
                                 Jess R. Brasier

1 DATED: January 6, 2009          /s/ Frederick H. Schill
                                  FREDERICK H. SCHILL
2                                 Attorney for claimants
                                  Albert and Georgene Brookman
3

4

5                              **ORDER**

6     For the reasons set forth above, this matter is stayed
7 pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until July 5,
8 2009.  The parties will advise the court at least 10 days prior
9 to July 5, 2009, whether a further stay is necessary.
10    The scheduling conference scheduled for January 20, 2009 is
11 hereby vacated.
12 IT IS SO ORDERED.
13 Dated: January 9, 2009.

                                  _____
                                  LAWRENCE K. KARLTON
                                  SENIOR JUDGE
                                  UNITED STATES DISTRICT COURT